No. 1804.—A. W. WALKER v. F. A. DUCROS

The change of executory proceedings to that of ordinary proceedings, by answer to the injunction taken out by the defendant against the order of seizure and sale, will operate a discharge of the sureties on the injunction bond, and the sureties, having no further interest in the litigation, need not be made parties to the appeal from the judgment dissolving the injunction.

The rule is now settled that where the consideration of the note is part land and movables and part slaves, the holder can only recover that portion which is ascertained to be due on the land and movables after crediting the payments which have been made prior to emancipation, in the proportion that each bears to the entire contract. Sandidge v. Sanderson, 21 An. 757.

APPEAL from Second District Court, parish of St. Bernard. *Dugue, J.* *Sambola & Ducros,* for plaintiff and appellee. *L. Castera,* for defendant and appellant.

WYLY, J. In 1857, the plaintiff purchased a plantation and movables, together with fifty-eight slaves, in the parish of St. Bernard, for the total price of $135,000, paying $25,000 cash, and executing to his vendor a series of mortgage notes.

The defendant being the holder of one of these notes for the sum of $13,333 33, sued out an order of seizure and sale, and the plaintiff enjoined it upon the several grounds stated in his petition of injunction and his amended petitions. The case was before this court in 1866,

and was remanded for new trial on a point of practice, as will be seen in 18 An. 703.

The judgment appealed from was in favor of the plaintiff, dismissing the demand of the defendant founded on the mortgage note, with five hundred dollars damages. The defendant has appealed. The plaintiff's counsel ask that the appeal be dismissed, without a motion to that effect, because the appellant has failed to make the sureties on the injunction bond parties to this appeal.

The counsel for the defendant, on the other hand, says the sureties have no interest in the matter, the character of the action having been changed from an executory to an ordinary one.

We find in the answer of the defendant, filed in September, 1867, this averment: "And now converting this summary proceeding into an ordinary suit, respondent prays that judgment be rendered," etc.

Again, in the answer filed in October, 1867, which was in reply to a supplemental petition of the plaintiff, we find the following averment: "And persisting in his determination to change this summary proceeding into an ordinary suit," respondent prays, etc.

We think these statements in the pleadings of the defendant, changed the character of the suit to one concerning which the sureties on the bond are without interest; and being released by this voluntary change of the defendant, they could not become bound by subsequent statements of the defendant.

We think they have no interest in the contestation now before the court, and need not be made parties.

The question on the merits is just the same as that presented in Sandidge v. Sanderson, 21 An. 757, where the consideration of the note was mixed, part land and movables, and part slaves.

After considering the learned brief filed by the counsel for the plaintiff, we have failed to discover sufficient reasons to change our ruling on this question. On this point the jurisprudence may now be considered settled. The law in force at the time the payments were made must regulate the question of legal imputation. Payments on contracts of this character prior to the rebellion, in the absence of conventional imputation, must be considered as discharging, *pro tanto*, the whole debt.

The debt evidenced by the note before us, having a consideration part for slaves, and part for land and movables, may be appertained, and can only be enforced for the part which was not for slaves.

As to the relative value of the land and movables, and the slaves purchased by the defendant for the aggregate price of $135,000, the evidence is quite conflicting and unsatisfactory.

The witnesses for the plaintiff estimate the fifty-eight slaves at the aggregate value of $80,000 or $85,000, and the land and movables at $50,000 or $55,000. On the other hand the witnesses for the defendant estimate the value of the slaves at $58,000 to $65,000.

After carefully examining the evidence, we have arrived at the conclusion that the relative value of the slaves was about equal to that of the land and movables; and we fix the apportionment accordingly. We think, therefore, that the defendant should have judgment against the plaintiff for one half the amount of the mortgage note held by him.

It is therefore ordered that the judgment appealed from be avoided and annulled, and it is ordered that the defendant have judgment against the plaintiff for the sum of six thousand six hundred and sixty-six dollars and sixty-six and two-third cents, with interest, at the rate of five per cent. per annum from the twenty-eighth of September,. 1857, till the tenth of December, 1860, and at the rate of eight per cent. thereafter till paid, according to the stipulations in the note sued on, the plaintiff paying costs of appeal, and the defendant the costs of the court below. It is further ordered that the mortgage securing the note be rendered executory to date from the twenty-eighth of September, 1857, and that the land and movables described in said act of mortgage be sold according to law for the purpose of paying the amount for which the plaintiff may be liable, according to this apportionment,. for the remaining purchase price of said property.

Rehearing refused.

Mr. Justice Howell having been absent at the trial took no part in. this decree.